**No. 25-3136**

_____

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

_____

**MICHAEL ERWINE,**

*Plaintiff-Appellant,*

v.

**ZACHARY WESTBROOK, et al.,**

*Defendants-Appellees.*

**On Appeal from the United States District Court for the District of Nevada**

**No. 3:24-cv-00054**

**Hon. Judge Miranda Du**

**APPELLANT'S OPENING BRIEF**

Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

## DISCLOSURE STATEMENT

Appellant Michael Erwine is an individual and not a nongovernmental corporate entity; thus, no Disclosure Statement is required under FRAP 26.1(a).

Date: Jul 21, 2025

<u>By: /s/ Luke Busby, Esq.</u>
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................. 1

II. STATEMENT OF JURISDICTION ............................... 3

III. ISSUES PRESENTED ................................................ 3

IV. STATEMENT OF THE CASE .................................... 4

V. SUMMARY OF THE ARGUMENT ........................... 6

VI. STANDARD OF REVIEW ........................................ 7

VII. ARGUMENT ............................................................. 8

A. The District Court Erred in Finding Absolute Immunity Under
Title 33 - Washoe Sovereign Immunity Code ..................................... 8

B. The District Court Erred in Finding the Washoe Tribe a Necessary Party
Under Fed. R. Civ. P. 19 ..................................................... 18

VII. CONCLUSION ........................................................ 24

Statement of Related Cases Pursuant to Circuit Rule 28-2.6 ........................ 25

Certificate of Compliance for Briefs ................................................. 26

CERTIFICATE OF SERVICE ....................................... 27

# TABLE OF AUTHORITIES

## CASES

*Acres Bonusing, Inc. v. Marston,*
17 F.4th 901 (9th Cir. 2021) ..................... 2, 12, 13, 14, 15, 17, 19, 20, 22

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................. 18

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
403 U.S. 388 (1971) ...................................................... 1, 3, 4, 10

*Bogan v. Scott-Harris,*
523 U.S. 44 (1998) ...................................................................... 9

*Briscoe v. LaHue,*
460 U.S. 325 (1983) .................................................................... 9

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.,*
276 F.3d 1150 (9th Cir. 2002) .................................................. 21

*Ex parte New York,*
256 U.S. 490 (1921) .................................................................. 23

*Hafer v. Melo,*
502 U.S. 21 (1991) .................................................................... 23

*Imbler v. Pachtman,*
424 U.S. 409 (1976) .................................................................... 9

*Jamul Action Committee v. Simermeyer,*
974 F.3d 984 (9th Cir. 2020) .......................................... 7, 8, 20

*Knighton v. Cedarville Rancheria of N. Paiute Indians,*
    922 F.3d 892 (9th Cir. 2019) ................................................................ 21

*Lewis v. Clarke,*
    581 U.S. 155 (2017) ...................................................... Passim

*Long v. Sugai,*
    91 F.4th 1331 (9th Cir. 2024) ............................................ 7

*Maverick Gaming LLC v. United States,*
    123 F.4th 960 (9th Cir. 2024) ........................................ 19, 20

*Nixon v. Fitzgerald,*
    457 U.S. 731 (1982) ............................................................ 9

*Pistor v. Garcia,*
    791 F.3d 1104 (9th Cir. 2015) ............................................ 17

*Stump v. Sparkman,*
    435 U.S. 349 (1978) ............................................................ 9

## STATUTES

28 U.S.C.
§ 1291 ............................................................................................ 3
§ 1294(1) ........................................................................................ 3
§ 1331 ............................................................................................ 3
§ 1367 ............................................................................................ 3

42 U.S.C.
§ 1981 .................................................................. 1, 3, 4, 10
§ 1985(2) ............................................................ 1, 3, 4, 10

§ 1985(3) ........................................................................... 1, 3, 4, 10

## RULES

Fed. R. App. P.
4(a)(1)(A) .................................................................................. 3

Fed. R. Civ. P.
12(b)(1) ...................................................................................... 5
12(b)(3) ...................................................................................... 5
12(b)(6) ...................................................................................... 7
12(b)(7) .............................................................................. 5, 7, 18
19 ............................................................ 2, 3, 8, 12, 18, 19, 21
19(a) ................................................................ 8, 18, 19, 22, 23
19(b) .......................................................................................... 8

# I. INTRODUCTION

This appeal challenges the District Court's dismissal of Plaintiff-Appellant Michael Erwine's claims against Defendants-Appellees Zachary Westbrook, John Leonard, Michel Hall, and Gene M. Burke (collectively, "Washoe Tribe Defendants") for violations of civil rights under 42 U.S.C. §§ 1981, 1985(2), and 1985(3), Fifth Amendment due process violations under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), defamation, defamation per se, and intentional interference with contractual relations, arising from his termination as a Police Officer with the Washoe Tribe of Nevada and California on March 4, 2022 (Vol. 3 ER-442).

Erwine alleges that Zachary Westbrook, John Leonard, and Michel Hall, acting as federal employees under a Bureau of Indian Affairs ("BIA") contract pursuant to the Indian Self-Determination and Education Assistance Act, and Gene Burke, acting as general counsel for the tribe and not under the tribal contract, discriminated against him based on race by disciplining him for incidents where a Native American female officer faced no repercussions, fired him for refusing unlawful orders (e.g., refusing to arrest a DUI suspect without probable cause and for attempting to testify in a prior lawsuit against another law enforcement agency, Churchill County, and defamed him with false charges

of dishonesty and insubordination in his personnel file. (Vol. 3 ER-442-499).

All the claims subject to review in this appeal were brought against the Washoe Tribe Defendants in their individual capacities (Vol. 3 ER-446). The Washoe Tribe was not named as a party, and no claims were made against it.

On March 13, 2025, the District Court granted the Washoe Tribe Defendants' Motion to Dismiss, holding they were entitled to absolute immunity under the Tribe's inherent Sovereign Immunity of Title 33 of the Washoe Tribe's Law & Order Code (Vol. 1 ER-008–011). Alternatively, the court dismissed the claims under Fed. R. Civ. P. 19, finding the Washoe Tribe a necessary party that could not be joined due to its sovereign immunity, as the case implicated the Tribe's ability to govern its police department (Vol. 1 ER-012–015). The court entered Judgment on April 23, 2025 (Vol. 1 ER-002).

The District Court erred in two ways: (1) by construing the Tribe's Sovereign Immunity under Title 33 to confer absolute immunity on defendants sued in their individual capacity, as clearly prohibited by *Lewis v. Clarke*, 581 U.S. 155, 137 S. Ct. 1285 (2017)(hereinafter "*Lewis*"), and *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901 (9th Cir. 2021)(hereinafter "*Acres Bonusing*"); and (2) by similarly finding the Washoe Tribe a necessary party under Fed. R. Civ. P. 19, as Erwine seeks damages against the Washoe Tribe Defendants in

their individual capacities (Vol 1 ER-3-18).

## II. STATEMENT OF JURISDICTION

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), as Erwine's claims under 42 U.S.C. §§ 1981, 1985(2), 1985(3), and *Bivens* raised federal questions regarding civil rights violations by the Washoe Tribe Defendants. Supplemental jurisdiction over the pendant state law claims is conferred by 28 U.S.C. § 1367.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as the appeal is from the Judgment of the District Court entered on April 23, 2025, disposing of all claims against the Washoe Tribe Defendants (Vol. 1 ER-002), and 28 U.S.C. § 1294(1). Erwine filed a timely notice of appeal on May 12, 2025 (Vol. 3 ER-550), within 30 days of the Judgment, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).

## III. ISSUES PRESENTED

Whether the Washoe Tribe may confer absolute immunity under Title 33 - Washoe Sovereign Immunity Code of the Washoe Tribe's Law & Order Code to its employees sued for in an individual capacity.

Whether joinder of the Washoe Tribe as a necessary party is required under Fed. R. Civ. P. 19 even though Erwine's claims solely seek monetary

damages against the Defendants in their individual capacities.

## IV. STATEMENT OF THE CASE

Erwine alleges in his Amended Complaint that he enjoyed a stellar career as a police officer with the Washoe Tribe Police Department, marked by high performance evaluations, successful completion of training, his role as a department instructor, and no significant disciplinary issues, until the Washoe Tribe Defendants discovered his prior lawsuit against his former employer, the Churchill County Sheriff's Department; upon learning of this, the Washoe Tribe Defendants immediately began retaliating against him by fabricating performance problems, issuing unwarranted reprimands, denying him due process in grievances despite his status as a non-probationary employee, and ultimately terminating his employment, all due to the perception Erwine crossed the Thin Blue Line code of loyalty among law enforcement officers (Vol. 3 ER-444).

On January 25, 2024, Erwine filed a Complaint in the United States District Court for the District of Nevada, alleging violations of 42 U.S.C. §§ 1981, 1985(2), and 1985(3), Fifth Amendment due process under a *Bivens* action, defamation, defamation per se, and intentional interference with contractual relations against the Washoe Tribe Defendants, arising from his

termination from the Washoe Tribe Police Department on March 4, 2022 (Vol. 3 at 501).

Erwine alleges that the Washoe Tribe Defendants discriminated against him by disciplining him for incidents where a Native American female officer faced no repercussions, fired him for refusing unlawful orders (e.g., arrests without probable cause), and seeking to testify in a prior lawsuit against another law enforcement agency. (Vol. 3 ER-529). All the claims against the Washoe Tribe Defendants were clearly plead against the Washoe Tribe Defendants in their individual capacities (Vol. 3 ER 446, ER-506).

On May 20, 2024, Erwine filed an Amended Complaint, bringing these same claims (Vol. 3 ER-442). The Washoe Tribe Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1), (3), (6), and (7), primarily arguing lack of subject matter jurisdiction due to tribal sovereign immunity (Vol. 3 ER-352).

Erwine opposed, asserting non-implication of tribal sovereign immunity, arguing that absolute immunity is an entirely different concept (Vol. 3 ER-319).

On March 13, 2025, the District Court granted the motion, finding that the Tribe's sovereign immunity under Title 33 conferred absolute immunity for actions within the Washoe Tribe Defendants' official duties and that the Washoe Tribe was a necessary party under Fed. R. Civ. P. 19 due to its

sovereign interest in governing its police department (Vol. 1 ER-008–015).

Judgment was entered on April 23, 2025 (Vol. 1 ER-002).

Erwine filed a timely notice of appeal on May 12, 2025 (Vol. 3 ER-550).

## V. SUMMARY OF THE ARGUMENT

The District Court's dismissal of Erwine's individual-capacity claims

against the Washoe Tribe Defendants fundamentally erred by conflating tribal

sovereign immunity—which shields the Tribe itself from suit absent waiver or

congressional abrogation—with absolute immunity, a distinct personal defense

available to certain officials (such as judges or prosecutors) for specific

functions under federal common law.

Tribal sovereign immunity protects the Tribe's treasury and governance

from direct liability but, as the Supreme Court clarified in *Lewis*, 581 U.S. at

164, does not extend to suits against tribal employees in their individual

capacities where the remedy sought operates only against the employee

personally, not the tribe. In contrast, absolute immunity is a narrow, role-based

shield that arises independently from sovereign immunity and cannot be

unilaterally conferred by a tribe through its own code, such as Title 33 of the

Washoe Tribe's Law & Order Code, to immunize employees from all liability

for discriminatory, retaliatory, or tortious conduct. The District Court erred in

dismissing Erwine's claims against the Washoe Tribe Defendants.

The District Court misapplied Title 33, which does not confer absolute immunity on the Washoe Tribe Defendants in individual capacity cases. The District Court incorrectly found the Washoe Tribe a necessary party under Fed. R. Civ. P. 19, as Erwine solely seeks monetary damages against the defendants in their individual capacities (Vol. 1 ER-12).

Erwine does not have any issue with Washoe Tribe, has not sued the Washoe Tribe, does not seek to alter the Washoe Tribe's practices or procedures, and does not seek damages from the Washoe Tribe.

## VI. STANDARD OF REVIEW

The District Court dismissed Erwine's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, based on absolute immunity, and Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party (Vol. 1 ER-008, Vol. 1 ER-012).

This Court reviews dismissals under Rules 12(b)(6) *de novo*. *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024); *Jamul Action Committee v. Simermeyer*, 974 F.3d 984, 991 (9th Cir. 2020).

Appellate review of a district court's dismissal under Fed. R. Civ. P. 12(b)(7) for failure to join a required party under Fed. R. Civ. P. 19 is a mixed

standard. The court reviews *de novo* the question of law of whether a party is required (necessary) under Rule 19(a). *Jamul Action Committee*, 974 F.3d at 991 (9th Cir. 2020). However, it reviews for abuse of discretion the equitable determination under Rule 19(b) that the party is indispensable and the case cannot proceed in their absence. *Walsh v. Centeio*, 692 F.2d 1239, 1241 (9th Cir. 1982). However, "'Issues of tribal sovereign immunity are reviewed de novo.'" *Jamul Action Committee*, 974 F.3d at 991 (9th Cir. 2020) quoting *Burlington N. & Santa Fe Ry. v. Vaughn*, 509 F.3d 1085, 1091 (9th Cir. 2007).

The District Court's determination that the Washoe Tribe is a necessary party under Fed. R. Civ. P. 19(a)(Vol. 1 ER-12)—finding that Erwine's claims implicate the Washoe Tribe's sovereign interest in governing its police department through employment policies—and that joinder is not feasible due to sovereign immunity under Fed. R. Civ. P. 19(b)(Vol. 1 ER-15), warrants *de novo* review by this Court, as it turns on issues of tribal sovereignty,

## VII. ARGUMENT

### *A. The District Court Erred in Finding Absolute Immunity Under Title 33 - Washoe Sovereign Immunity Code*

The District Court erred in holding that the Washoe Tribe Defendants were entitled to absolute immunity under Title 33, as Plaintiff-Appellant

Michael Erwine's allegations of discriminatory, retaliatory, and tortious conduct fall outside the scope of their official duties (Vol. 1 ER-008–011). Title 33, specifically titled "Title 33 - Washoe Sovereign Immunity Code" confers sovereign immunity to officers or employees "while engaged in work assigned or controlled by the Tribe" (Vol. 1 ER-008, citing Washoe Tribal Code § 33-20(2)). The District Court found that disciplining and firing Erwine were within the defendants' official duties as supervisory police officers and general counsel (Vol. 1 ER-011–012).

However, Erwine's allegations—race-based discrimination, retaliation for refusing unlawful orders and seeking to testify in a prior lawsuit, and defamation—describe personal misconduct, beyond routine personnel management, which Title 33 does not and cannot immunize (Vol. 3 ER-442).

Sovereign immunity is distinct from absolute immunity. Absolute immunity applies in five circumstances: prosecutors in prosecutorial tasks (*Imbler v. Pachtman*, 424 U.S. 409 (1976)); judges in judicial tasks (*Stump v. Sparkman*, 435 U.S. 349 (1978)); legislators in legislative tasks (*Bogan v. Scott-Harris*, 523 U.S. 44 (1998)); police officers testifying as witnesses (*Briscoe v. LaHue*, 460 U.S. 325 (1983)); and the President for acts within official duties' outer perimeter (*Nixon v. Fitzgerald*, 457 U.S. 731 (1982)). None apply here.

Moreover, allowing the Washoe Tribe to confer absolute immunity status under the cloak of sovereign immunity on its employees for all actions, including tortious conduct and conduct that violated Erwine's Constitutional rights, would contravene the Supreme Court's holding in *Lewis* by extending tribal sovereign immunity to individual-capacity suits where the applicable case law states it does not apply.

Erwine's Amended Complaint clearly alleges that the Washoe Tribe Defendants are sued in their individual capacity and for his *Bivens* claim, that the defendants were acting under the color of Federal Law (Vol. 3 ER-446–447).

Erwine claims the Washoe Tribe Defendants disciplined him for actions identical to those of his partner, a Native American female officer who faced no discipline, demonstrating racial discrimination under 42 U.S.C. § 1981. (Vol. 3 ER-460). Erwine further alleged they conspired to fire him for refusing to make arrests without probable cause (Vol. 3 ER-483) and for seeking to testify in a prior lawsuit against another law enforcement agency, Churchill County (Vol. 3 ER-464), violating 42 U.S.C. §§ 1985(2) and 1985(3), and defamed him with false charges of dishonesty and insubordination in his personnel file (Vol. 3 ER-465).

In *Lewis*, the Supreme Court held that "We hold that, in a suit brought against a tribal employee in his individual capacity, the employee, not the tribe, is the real party in interest and the tribe's sovereign immunity is not implicated" (581 U.S. at 159). The *Lewis* Court emphasized that "[t]here is no reason to depart from these general rules in the context of tribal sovereign immunity," and that an employee's actions within the scope of employment do not automatically bar individual-capacity suits (581 U.S. at 163–164). In *Lewis*, the Court rejected the argument that tribal sovereign immunity extends to employees sued for torts, if the judgment "will not operate against the Tribe" (581 U.S. at 164). Here, Erwine's suit against the Washoe Tribe Defendants in their individual capacities (Vol. 3 ER-446) does not implicate the Washoe Tribe's sovereign immunity, as the remedy—monetary damages—targets the defendants personally, not the Tribe (581 U.S. at 164–165). The ruling clarified that tribes cannot effectively "confer" their immunity to shield employees from personal liability in these scenarios, aligning tribal immunity with precedents for state and federal officials. Tribal employees sued individually may still invoke other forms of personal immunity under federal law, such as qualified immunity in civil rights claims or absolute immunity for specific functions like judicial or prosecutorial acts, depending on the nature of the suit. However,

these are not "conferred" by the tribe but arise from federal common law and depend on the employee's role and actions.

Similarly, in *Acres Bonusing*, 17 F.4th 901, the Ninth Circuit reaffirmed that "tribal defendants sued in their individual capacities for money damages are not entitled to sovereign immunity, even though they are sued for actions taken in the course of their official duties" (17 F.4th at 910). *Lewis* held that a suit for damages against tribal officials and agents in their individual capacities did not require action by the Tribe, and thus tribal sovereign immunity did not apply (17 F.4th at 908–909). The *Lewis* court rejected the argument that conduct in tribal court, an inherently sovereign function, extends sovereign immunity to individual actions, emphasizing that the "remedy-focused analysis" governs (17 F.4th at 911–912). Erwine's claims, torts like defamation and retaliation, seek damages from the defendants personally, not the Tribe, aligning with *Acres Bonusing's* holding that such suits simply do not trigger sovereign immunity.

The District Court's assertion that *Davis v. United States*, 398 F.2d 83 (10th Cir. 1968) was not overruled by *Lewis* (Vol. 1 ER-010) conflicts with the Ninth Circuit's discussion in *Acres Bonusing*, which clarifies the limited scope of *Davis*. In *Acres Bonusing*, the Ninth Circuit explicitly distinguished *Davis*,

noting that involved the personal defense of absolute immunity, which is a different question than whether tribal sovereign immunity applies—and *Lewis* is a tribal sovereign immunity decision (17 F.4th at 913 n.4). Further, *Acres* found that the holding in *Davis* of extending tribal sovereign immunity to individual defendants because they were sued for conduct within the scope of their employment for the tribe "...would be at odds with *Lewis* and one we could not follow" (17 F.4th 901, 914). Yet, this is precisely what the District Court did in dismissing Erwine's claims:

> In sum, the Court finds that Title 33 of the Washoe Tribe's Law and Order Code bestowed absolute immunity on Washoe Tribe Defendants and Burke for their alleged actions described in the FAC—disciplining and ultimately firing Erwine—falling within the scope of their official duties.

Vol. 1 ER-12.

*Acres Bonusing* further explained that *Davis'* implied immunity for tribal officials was superseded by *Lewis's* clear holding that tribal sovereign immunity does not extend to individual-capacity suits for damages, as the judgment in that case would not operate against the *Tribe* (17 F.4th at 910). This distinction underscores that Erwine's personal capacity claims against the Washoe Tribe Defendants for personal torts and civil rights violations fall squarely within *Lewis* and *Acres Bonusing's* framework, where sovereign

immunity is inapplicable because the remedy targets the defendants individually, not the Tribe's treasury or governance. The District Court's ruling to the contrary based on a course and scope analysis of whether the act fell within the Washoe Tribe Defendants job duties (Vol. 1 ER-12), was clear error.

The District Court's reliance on Title 33 to confer absolute immunity on the Washoe Tribe Defendants misconstrues the scope of tribal sovereign immunity and improperly extends it to individual-capacity suits, while also conflating it with distinct role based personal immunity defenses. Critically, the Tribe cannot unilaterally confer tribal sovereign immunity on its employees through provisions like Title 33, as *Lewis* clarified that "We hold that an indemnification provision cannot, as a matter of law, extend sovereign immunity to individual employees who would otherwise not fall under its protective cloak" (581 U.S. at 164-165). In *Acres Bonusing*, this Court reinforced this distinction, holding that tribal court judges and clerks may enjoy absolute judicial or quasi-judicial immunity for actions integral to the judicial process, but other tribal officials sued in their individual capacities for non-judicial actions, such as the alleged torts and civil rights violations in Erwine's case, are not shielded by sovereign immunity unless a specific personal immunity applies (17 F.4th at 915–916). In other words, Sovereign Immunity

is held by the sovereign only and cannot be transmogrified into personal absolute immunity for employees by a tribe through its code. Title 33 cannot shield the Washoe Tribe Defendants as the remedy sought in individual capacity claims does not implicate the Tribe's treasury or sovereign interests, as expressly taught by *Lewis* and *Acres Bonusing*.

Here, the Washoe Tribe Defendants have not alleged to have performed judicial or quasi-judicial functions subject to personal immunity defenses described as subject to immunity under *Lewis* and *Acres Bonusing*. Erwine alleges that Westbrook, Leonard, and Hall, as supervisory police officers, and Burke, as general counsel, engaged in personnel decisions tainted by racial discrimination and retaliation (Vol. 3 ER 481), such as singling out Erwine with derogatory remarks ("busdriver" referring throwing fellow officers "under the bus" and crossing the thin blue line) (Vol. 3 ER-462) and obstructing his grievance process such that he could be fired without the appropriate Washoe Tribe officials knowing what was happening (Vol. 3 ER-497).

They further concealed their actions from the head governing official of the tribe, the Tribal Chairman, further distancing themselves from any claim that their actions were an official tribal function or decision. The Tribal Chairman had no idea that Erwine had been fired (Vol 3. ER-467), despite his

position as the final arbiter under the Washoe Tribe's grievance process, since the Washoe Tribe Defendants blocked Erwine's attempts to utilize the Tribes grievance procedure process (ER Vol. 3 at 467).

In Erwine's Amended Complaint, he alleged that "The Defendants intended to harm Erwine by wrongfully interfering with and concealing the circumstances surrounding Erwine's termination from Tribal Chairman Smokey, who was required to approve all employee terminations as outlined in the Washoe Tribe human resource policy manual." (Vol.3 at ER-497) Erwine alleged that these actions directly conflict with Tribal policy (Vol. 3 at ER-497). These facts undermine the District Court's ruling that Erwine is in effect seeking a remedy from the Washoe Tribe in his lawsuit or asking for relief that would change Washoe Tribal governance or policy (Vol. 1 ER-15). Thus, while trying to shield themselves from liability here based on sovereign immunity, the facts show that the Washoe Tribe Defendants, concealed their actions from the Washoe Tribe itself.

Allowing the Washoe Tribe to confer absolute personal immunity on its employees for all actions through its Sovereign Immunity in Title 33, including discriminatory and retaliatory conduct, would directly undermine *Lewis*. The Supreme Court warned that extending tribal sovereign immunity to individual-

capacity suits "beyond what common-law sovereign immunity principles would recognize for either state or federal employees" is improper (581 U.S. at 164).

If a tribe could grant blanket personal immunity to employees for any action, rendering its employees entirely immune, it would effectively convert individual-capacity suits into official-capacity suits, circumventing *Lewis'* holding that "the real party in interest is the individual, not the sovereign" in such cases because the damages claim is made against the individual, not the Tribe (id. at 165). Allowing Tribal employees to claim absolute immunity due to their employers' sovereign immunity status for individual capacity suits would allow tribes to shield employees from all liability, eviscerating the remedy-focused analysis clearly established in *Lewis* and *Acres Bonusing* (17 F.4th at 911–912).

Even before the *Lewis* decision, in *Pistor v. Garcia*, 791 F.3d 1104, 1112–1113 (9th Cir. 2015), this Court held that tribal sovereign immunity does not apply when "any remedy will operate against the officers individually, and not against the sovereign" (also cited in *Acres Bonusing*, 17 F.4th at 910). Granting absolute personal immunity under Title 33 would negate this longstanding principle, contradicting *Lewis'* clear directive that if "the judgment will not operate against the Tribe" in individual-capacity suits then sovereign

immunity does not apply (*Lewis*, 581 U.S. at 164).

The District Court's conclusion that all alleged actions were within official duties or within the scope of their jobs (Vol. 1 ER-12) confused the questions of whether an individual capacity suit involved questions or whether the act was in the course and scope of employment, and misapplied Title 33 and disregarded Erwine's plausible allegations establishing his distinct individual capacity claims, the facts that support as much which must be accepted as true at the motion to dismiss phase under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. The District Court Erred in Finding the Washoe Tribe a Necessary Party Under Fed. R. Civ. P. 19**

The District Court erred in dismissing Erwine's claims under Fed. R. Civ. P. 12(b)(7), concluding that "the Washoe Tribe is a necessary party under Fed. R. Civ. P. 19(a)" and that "joinder is not feasible because the Tribe has sovereign immunity" (Vol. 1 ER-12, Vol. 1 ER-15). The District Court further held that "the claims raised by Plaintiff would necessarily involve review of the Tribe's employment policies, and thus directly implicate the Tribe's ability to govern its internal affairs, specifically the management of its police department" (Vol. 1 ER-14). But, again, Erwine's claims solely seek monetary

damages against Defendants in their individual capacities, not relief from the Washoe Tribe or its policies (Vol.3 ER-446). Erwine's claims do not challenge any policy of the Washoe Tribe.

The Ninth Circuit's decision in *Maverick Gaming LLC v. United States*, 123 F.4th 960 (9th Cir. 2024), relied on by the District Court (Vol. 1 ER 12-13) does not alter the analysis under *Lewis* or *Acres Bonusing*, as it addresses a distinct issue under Fed. R. Civ. P. 19, not the scope of tribal sovereign immunity in individual-capacity suits. In *Maverick Gaming*, the court dismissed the plaintiff's challenge to tribal gaming compacts due to the Shoalwater Bay Indian Tribe's status as a required party that could not be joined because of its sovereign immunity (*Maverick Gaming*, 123 F.4th at 978–983).

Unlike *Lewis* and *Acres Bonusing*, which held that tribal sovereign immunity does not bar suits against tribal employees in their individual capacities for torts or civil rights violations (*Lewis*, 581 U.S. at 164–165; *Acres Bonusing*, 17 F.4th at 910), *Maverick Gaming* involved claims directly challenging the Tribe's gaming compacts, straightforwardly implicating its sovereign and economic interests (*Maverick Gaming*, 123 F.4th at 972–973). Erwine's suit, by contrast, targets the Washoe Tribe Defendants' personal actions, not the Tribe's sovereign acts or interests.

*Maverick Gaming* reinforces the Tribe's sovereign immunity in suits affecting its legal entitlements or monetary interest, but it does not extend this immunity to individual-capacity claims, leaving *Lewis* and *Acres Bonusing's* remedy-focused analysis intact. Thus, *Maverick Gaming* does not undermine the conclusion that Title 33 cannot shield the defendants' tortious conduct, as allowing such immunity would contravene *Lewis's* clear directive that individual-capacity suits do not implicate tribal sovereignty (*Lewis*, 581 U.S. at 164).

Under Fed. R. Civ. P. 19(a), joinder is required only if a party's absence prevents complete relief or impairs a legally protected interest. In *Jamul Action Comm.*, 974 F.3d at 996, this Court held that a legally protected interest must be substantial and more than a financial stake. Erwine solely seeks monetary damages from the defendants in their individual capacities for race-based discrimination, retaliation for refusing unlawful orders and for seeking to testify in a prior lawsuit, and defamation (Vol. 3 ER-446). Complete relief can be accorded without the Tribe, as no tribal policy or sovereign act is challenged or infringed upon. In *Acres Bonusing*, 17 F.4th at 908–09, this Court confirmed that such suits do not require tribal joinder, as the judgment does not operate against the tribe.

The District Court's reliance on *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150 (9th Cir. 2002), and *Knighton v. Cedarville Rancheria of N. Paiute Indians*, 922 F.3d 892 (9th Cir. 2019), to support its finding that the Washoe Tribe is a necessary party under Rule 19 is misplaced (Vol. 1 ER-12).  In *Dawavendewa*, the court dismissed a Title VII challenge to a Navajo hiring preference embedded in a lease between the Navajo Nation and a non-Indian employer operating on reservation lands, holding that the Nation was indispensable because the suit directly implicated its sovereign interests in negotiating contracts and governing the reservation, including potential enforcement of the lease in tribal court. 276 F.3d at 1157–58.  Erwine is not challenging any contract or policy of the Washoe Tribe.

Similarly, *Knighton* upheld tribal court jurisdiction over tort claims against a nonmember employee for misconduct on tribal lands, emphasizing the tribe's inherent sovereign authority to regulate nonmember conduct that threatens self-government or internal relations.  The *Knighton* case did not involve Rule 19 joinder or claims against individuals in their personal capacities. 922 F.3d at 901–06. By contrast, Erwine's claims do not challenge any tribal lease, policy, or sovereign act; he seeks only monetary damages from the Washoe Tribe Defendants personally for their alleged discriminatory and

retaliatory actions. As in *Lewis* and *Acres Bonusing*, such remedy-focused individual-capacity suits do not impair tribal interests or require joinder, allowing complete relief without the Washoe Tribe's involvement (Vol. 2 ER-290–91).

The District Court's finding that reviewing Erwine's claims would interfere with tribal governance (Vol. 1 ER-14-15) is speculative and unsupported by the record, as Erwine's claims do not directly or indirectly target tribal policies or interests - but the conduct of employees, sued in their individual capacity, who violated Erwine's rights.

"To come within the bounds of Rule 19(a)(1)(B)(i), the interest of the absent party must be a legally protected interest and not merely some stake in the outcome of the litigation." *Jamul Action Comm.*, 974 F.3d at 996. The fact that Erwine's brought only individual capacity claims preserves the Washoe Tribe's sovereign immunity because the employee is the "real party in interest," akin to how state sovereign immunity under the Eleventh Amendment or federal sovereign immunity does not shield state or federal officials from personal liability in individual-capacity claims under *Bivens* or 42 U.S.C. § 1983 claims against state actors acting under color of state law. The Court in *Lewis* reasoned that extending tribal immunity to these suits would create an

anomalous expansion beyond common-law principles applicable to other

sovereigns, potentially allowing tribes to insulate employees from

accountability for torts or civil rights violations without congressional

authorization, while still protecting the tribe itself from direct financial or

operational burdens:

> Our cases establish that, in the context of lawsuits against
> state and federal employees or entities, courts should look to
> whether the sovereign is the real party in interest to determine
> whether sovereign immunity bars the suit. See *Hafer v. Melo*, 502
> U. S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). In making
> this assessment, courts may not simply rely on the
> characterization of the parties in the complaint, but rather must
> determine in the first instance whether the remedy sought is truly
> against the sovereign. See, e.g., *Ex parte New York,* 256 U. S.
> 490, 500-502, 41 S. Ct. 588, 65 L. Ed. 1057 (1921).

*Lewis*, 581 U.S. at 161-62 (2017)

Moreover, even if a tribe chooses to indemnify its employees

voluntarily—as some do through insurance or policy—that choice does not

transform the suit into one against the tribe, as indemnification is a separate

contractual matter and cannot "as a matter of law" extend sovereign immunity

to individuals who would otherwise lack it. This remedy-focused approach

ensures that tribal sovereignty remains intact, preventing interference with tribal

self-governance or assets, while upholding individual rights and deterring

unlawful personal actions by employees.

In sum, the District Court's conclusion that "the Washoe Tribe is a necessary party under Fed. R. Civ. P. 19(a) because the claims raised by Erwine would necessarily involve review of the Tribe's employment policies, and thus directly implicate the Tribe's ability to govern its internal affairs" (Vol. 1 ER-014) is a conclusion that is unsupported by the premises, that simply relied on the characterization of the case by the Washoe Tribe Defendants, contrary to the holding in *Lewis* quoted above. Erwine never sought to review or challenge the Washoe Tribe's employment policies in any of his claims and the remedy he seeks, money damages, is not against the Washoe Tribe.

## VII. CONCLUSION

For the foregoing reasons, the Judgment of the District Court should be reversed, the dismissal of Erwine's claims against the Washoe Tribe Defendants vacated, and the case remanded for further proceedings.

Date: Jul 21, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are: Case Number: 25-3134, Erwine v. United States of America.

Relationship: This case is related to the pending appeal in Ninth Circuit Case No. 25-3134, as both arise from the same underlying dispute involving Michael Erwine's alleged wrongful termination by the Washoe Tribe, operating under a Bureau of Indian Affairs contract. In Case No. 25-3134, Erwine appeals the District Court's dismissal of his Federal Tort Claims Act claims against the United States for tortious and bad faith discharge, focusing on whether his Form 95 adequately notified the Department of the Interior of his claims. In this case, No. 25-3136, Erwine challenges the dismissal of claims against individual defendants Zachary Westbrook, John Leonard, Michel Hall, and Gene M. Burke, related to civil rights violations, defamation, and interference with employment. Both appeals involve overlapping factual and legal issues stemming from Erwine's termination and subsequent harm, and they were filed concurrently in the Ninth Circuit.

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

Date: Jul 21, 2025

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Certificate of Compliance for Briefs**

**9th Cir. Case Number: 25-3136**

This brief contains **5367** words, including words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32-1.

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
Telephone: 775-453-0112
E-mail: luke@lukelandrewbusbylltd.com
*Attorney for Appellant Michael Erwine*

Date: Jul 21, 2025

## CERTIFICATE OF SERVICE

I certify that on Jul 21, 2025, this brief was served electronically through the Appellate Electronic Filing System on all registered counsel.

By: /s/ Luke Busby, Esq.

Luke Busby, Esq.

Nevada State Bar No. 10319

316 California Ave.

Reno, NV 89509

Telephone: 775-453-0112

E-mail: luke@lukelandrewbusbylltd.com

*Attorney for Appellant Michael Erwine*