No. 25-3136

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

**MICHAEL ERWINE,**

*Plaintiff – Appellant*,

v.

**ZACHARY WESTBROOK, et al.,**

*Defendants – Appellees*,

On Appeal from the United States District Court for
the District of Nevada

Case No. 3:24-cv-00054

**Hon. Judge Miranda Du**

_____

**BRIEF OF THE WASHOE TRIBE OF NEVADA & CALIFORNIA AS AMICUS CURIAE IN SUPPORT OF DEFENDANTS APPELLEES AND IN SUPPORT OF AFFIRMANCE**

_____

Joseph D. Nady
WASHOE TRIBE OF NEVADA & CALIFORNIA
919 U.S. HWY 395 N.
Gardnerville, Nevada 89410
Telephone: (775) 265-8600
E-Mail: joseph.nady@washoetribe.us

*General Counsel for Amicus Curiae*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... i

INTEREST OF AMICUS CURIAE ..................................................................... 1

STATEMENT REGARDING AUTHORSHIP AND FUNDING .......................... 2

STATEMENT OF CONSENT ............................................................................. 3

INTRODUCTION ................................................................................................ 4

ARGUMENT ....................................................................................................... 5

   A.    Title 33 Confers Immunity on Tribal Officers and Employees ...................... 5

   B.    The Conduct Alleged Falls Within Scope of Employment ............................ 6

   C.    Allowing Suit Against Individuals Would Harm the Tribe ........................... 6

   D.    Rule 19 Requires Dismissal ........................................................................ 7

CONCLUSION ..................................................................................................... 8

CERTIFICATE OF COMPLIANCE ................................................................... 9

# TABLE OF AUTHORITIES

Cases

Maverick Gaming LLC v. United States, 74 F.4th 1140 (9th Cir. 2023) ................... 7

Statutes and Codes

Washoe Tribe Law and Order Code, Title 33 .................................................... 4, 5, 6

Fed. R. Civ. P. 19 ............................................................................................................ 7

i

## I.     INTEREST OF AMICUS CURIAE

The Washoe Tribe of Nevada and California (the "Tribe") submits this brief in support of Defendants-Appellees. The Tribe's sovereign authority, including its right to define the scope of immunity for its officers and employees, is directly at issue. Title 33 of the Washoe Tribe Law & Order Code – governing sovereign immunity – explicitly shields the Tribe and its officers and employees from suit for actions taken within the scope of their official duties. Preserving this immunity is vital to the Tribe's ability to govern effectively and to attract and retain qualified personnel, particularly in its law enforcement operations.

The Tribe appears as amicus curiae by authorization of its Tribal Council and through its General Counsel pursuant to the Tribe's inherent sovereign authority to protect and interpret its own laws.

## II.    STATEMENT REGARDING AUTHORSHIP AND FUNDING

No counsel for any party authored this brief in whole or in part. No party, party's counsel, or other person – other than the amicus curiae, its members, or its counsel – contributed money intended to fund the preparation or submission of this brief.

### III. STATEMENT OF CONSENT

Counsel for all parties have consented to the filing of this amicus curiae brief. Accordingly, no motion for leave to file is required under Federal Rule of Appellate Procedure 29(a)(2).

## IV.  INTRODUCTION

This appeal arises from the District Court's dismissal of claims brought by Plaintiff-Appellant Michael Erwine against supervisory officers of the Washoe Tribe Police Department and the Tribe's former General Counsel. Erwine alleged employment-related discrimination, retaliation, and defamation following his termination as a tribal police officer. Although he sued the tribal defendants in their individual capacities, the District Court correctly held that the Washoe Tribe's sovereign immunity code, Title 33 of the Washoe Tribe Law & Order Code, bars such claims when the alleged actions were taken within the scope of official duties.

The Tribe appears as amicus curiae to underscore three points critical to this Court's analysis: (1) the Tribe's sovereign law intentionally extends immunity to its officers and employees for official acts; (2) the conduct at issue, including discipline and termination decisions, squarely falls within the scope of official responsibilities; and (3) permitting individual capacity suits of this type to proceed would substantially impair the Tribe's ability to govern its police force and discourage qualified officers from serving under tribal authority.

## V. ARGUMENT

### A. Title 33 Confers Immunity on Tribal Officers and Employees Acting in Their Official Duties

The Tribe has exercised its sovereign authority to codify immunity for its officers and employees through Title 33 of the Washoe Tribe Law & Order Code. Section 33-30-010 provides that the sovereign immunity of the Tribe extends to "any lawsuit, action, claim, controversy or process" unless explicitly waived. The Code further defines a "claim" to include any written demand for damages not only against the Tribe itself but also against "an officer or employee of the Tribe while engaged in work assigned or controlled by the Tribe." By its terms, the law covers precisely the type of claims brought by Plaintiff-Appellant here, in which he seeks damages from employees for employment decisions carried out as part of their duties for the Tribe.

The District Court correctly took judicial notice of Title 33 and found its provisions unequivocally establish immunity in these circumstances. Plaintiff-Appellant did not contest the legitimacy of Title 33 but only argued for a different interpretation. The plain statutory text, however, demonstrates the Tribe's clear intent to extend immunity to its officers and employees in connection with their official functions. Plaintiff-Appellant has effectively accepted the district court's

5

interpretation of Title 33 by failing to present or develop any argument challenging that interpretation in his opening brief.

### B. The Conduct Alleged Falls Within the Scope of Employment

Plaintiff-Appellant's allegations concern decisions about discipline, performance management, and ultimately termination of employment. These are routine and central responsibilities of supervisory officers and general counsel. The District Court reviewed the operative complaint and concluded that, even accepting Plaintiff-Appellant's allegations as true, the actions described were taken in the performance of the defendants' official duties. The allegations may depict contentious or unprofessional conduct, but they remain tethered to the disciplinary process and termination decision made by the Tribe. As such, they fall within the scope of work assigned or controlled by the Tribe, and immunity applies.

### C. Allowing Suit Against Individuals Would Substantially Harm the Tribe

The rationale for tribal immunity extends beyond the protection of individual officers; it reflects the public need for government functions to be carried out free from the constant threat of litigation. As the District Court emphasized, the rule of privilege exists "not [for] the need of the individual officer, but [for] the public need for the performance of public duties untroubled by the fear" of liability. For Tribes,

6

this principle is especially vital. The Washoe Tribe must be able to assure its officers and staff that they will not face personal lawsuits for performing their duties under tribal direction. Without such assurance, the Tribe will face significant challenges in attracting and retaining qualified law enforcement personnel, undermining both public safety and the Tribe's ability to govern its own affairs.

### D. Rule 19 Does Not Permit Joinder of the Tribe

The District Court also properly concluded that dismissal was warranted under Rule 19. Plaintiff-Appellant's claims, although styled as individual-capacity suites, necessarily implicate the Tribe's sovereign interest in controlling its police department and employment policies. The court recognized that adjudicating these claims would require federal courts to review whether tribal employment policies were properly applied in Plaintiff-Appellant's termination. Such an inquiry would intrude upon the Tribe's sovereign prerogative to regulate its internal governance.

Rule 19 requires dismissal where a necessary party cannot be joined. The Tribe cannot be forced into this litigation because of its sovereign immunity. As the District Court reasoned, Plaintiff's claims, if allowed to proceed, would impair the Tribe's sovereign immunity in the same way as cases in which courts have found indispensable tribal interests under Rule 19. In this respect, the Tribe's interests are comparable to those recognized in *Maverick Gaming*, where the Ninth Circuit

emphasized that litigation affecting a tribe's governance or economic interests cannot proceed.

## V. CONCLUSION

The District Court's judgment should be affirmed.

Dated: October 7, 2025                               Respectfully submitted,

<u>/s/ Joseph D. Nady</u>

Joseph D. Nady
WASHOE TRIBE OF NEVADA & CALIFORNIA
919 U.S. Highway 395 N.
Gardnerville, Nevada 89410
Telephone: 775-265-8600
E-mail: joseph.nady@washoetribe.us
*General Counsel for the Washoe Tribe of Nevada and California*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5). This brief contains approximately 1004 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Joseph D. Nady*
Joseph D. Nady
**Counsel for Amicus Curiae**
**Washoe Tribe of Nevada & California**