No. 25-3136

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MICHAEL ERWINE,

*Plaintiff – Appellant,*

v.

ZACHARY WESTBROOK, *et al.*,

*Defendants – Appellees.*

On Appeal from the United States District Court
for the District of Nevada
Case No. 3:24-cv-00045-MMD-CSD
Hon. Miranda M. Du

APPELLEES' SUPPLEMENTAL EXCERPTS OF RECORD,
VOLUME INDEX AND VOLUME ONE

| | |
|---|---|
| Sydney Tarzwell<br>NATIVE AMERICAN<br>RIGHTS FUND<br>745 W. 4th Avenue, Suite 502<br>Anchorage, AK 99501<br>(907) 276-0680 | Leonard R. Powell<br>Morgan E. Saunders<br>NATIVE AMERICAN<br>RIGHTS FUND<br>950 F Street NW, Suite 1050<br>Washington, DC 20004<br>(202) 785-4166<br>powell@narf.org |

*Counsel for Appellees*

# INDEX

| Volume | ECF No. | Date | Title of Document | SER Number |
|---|---|---|---|---|
| Volume 1 | 77 | 06/24/24 | Notice of Substitution of Parties Under the Federal Torts Claim Act | SER - 03 |
| Volume 1 | 41 | 04/05/24 | Defendant Zachary Westbrook, John Leonard and Michel Hall's Notice of Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss | SER - 07 |

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ERWINE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, CHURCHILL COUNTY, a political subdivision of the State of Nevada, CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; UNITED STATES OF AMERICA, ZACHARY WESTBROOK, JON LEONARD, MICHEL HALL, GENE BURK; and DOES I through X inclusive,<br><br>Defendants. | Case No. 3:24-cv-00045-MMD-CSD<br><br>**Notice of Substitution of Parties Under the Federal Tort Claims Act** |

Please take notice that, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679) (the "Westfall Act"), the United States is substituted as defendant in place of Zachary Westbrook, Michel Hall, and John Leonard for the state law, tort claims asserted against them in Plaintiff's First Amended Complaint, ECF No.59, i.e., the tenth claim for relief (defamation); the eleventh claim for relief (defamation per se);

and the thirteenth claim for relief (intentional interference with contractual relations). This notice of substitution is based on the points and authorities below.

Plaintiff Michael Erwine ("Erwine") was fired by the Washoe Tribe of Nevada and California ("Tribe") in March 2022. First Am. Compl. ¶¶ 108, 185. He complains of the firing and events related thereto. At the relevant times, the Tribe employed Defendant Zachary Westbrook as Chief of Police, Defendant John Leonard as Deputy Chief of Police, and Defendant Michel Hall as a Sergeant.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 1402(b), 2401(b), 2402, 2671-2680 ("FTCA"), as amended by the Westfall Act, provides that a suit against the United States shall be the exclusive remedy for claims of damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. *See* 28 U.S.C. § 2679(b)(1); *see also Bishop v. Potter*, No. 2:08-cv-00726-RLH-GWF, 2010 WL 3910063, at *3 (D. Nev. Oct. 1, 2010) ("the FTCA establishes [ ] absolute immunity for government employees . . . by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment") (alterations in original) (quoting *United States v. Smith*, 499 U.S. 160, 163 (1991)).

Congress extended the FTCA's remedial scheme to state law, tort claims arising from tribal programs carried out pursuant to the Indian Self-Determination and Education Assistance Act (the "Act"). *See* Pub. L. 101–512, Title III, § 314, Nov. 5, 1990, 104 Stat. 1959, as amended Pub. L. 103–138, Title III, § 308, Nov. 11, 1993, 107 Stat. 1416 ("Section 314"); *see generally Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1002–06 (9th Cir. 2014). The U.S. Department of Interior's Bureau of Indian Affairs enters into agreements with tribes, wherein tribes operate certain programs services, functions, and activities pursuant to the Act. *See* Pub. L. 93–638, Jan. 4, 1975, 88 Stat. 2203, codified at 25 U.S.C.A. § 5301 *et seq*.

The Tribe operated its law enforcement program through an applicable compact.

  Erwine invokes the Act, as well as the FTCA, and Erwine directly named the United States as defendant for some tort claims based on the alleged actions or omissions of Westbrook, Hall, and Leonard. First Am. Compl. at 4–5, 41–45 (sixth and seventh claims for relief).

  The Attorney General has delegated to United States Attorneys authority to certify scope of office or employment under 28 U.S.C. § 2679. *See* 28 C.F.R. § 15.4(a). The United States Attorney for the District of Nevada has certified that, at the time of the incidents alleged in the First Amended Complaint, Westbrook, Hall, and Leonard were acting in the scope of federal employment or office for purposes of allegations or claims in Erwine's First Amended Complaint that give rise to the applicability of the FTCA provisions. *See* Exhibit A Certification of Scope.

  Upon such certification, the state law, tort claims shall be deemed as against the United States pursuant to the provisions of the FTCA. *See* 28 U.S.C. § 2679(d)(1).

  The United States tenders the proposed Order, attached as Exhibit B, to reflect the substitution of the United States, in place of Westbrook, Hall, and Leonard, for the following state law, tort claims: the tenth claim for relief (defamation); the eleventh claim for relief (defamation per se); and the thirteenth claim for relief (intentional interference with contractual relations).[1]

Dated: June 24, 2024

            JASON M. FRIERSON
            United States Attorney

             /s/ Patrick A. Rose
            PATRICK A. ROSE
            Assistant United States Attorney

---

[1] The certification and substitution have no effect on other claims, e.g., federal civil rights claims, asserted in the First Amended Complaint or any defenses that may be raised thereto.

# CERTIFICATE OF SERVICE

I, Vera A. Minkova, certify that, in addition to service on registered electronic filers via the Court's CM/ECF system, the following individual was served with the foregoing Notice of Substitution of Parties Under the Federal Tort Claims Act on this date by the below identified method of service:

**Electronic Mail** (per consent given June 24, 2024):

Gene M. Burke
POB 685
Ridgefield, Washington 98642
Email: geneburke@msn.com

*Defendant Pro Se*

Dated this 24th day of June 2024.

                                    */s/ Vera A. Minkova*
                                    Vera A. Minkova, Paralegal Specialist

Paul A. Cardinale
Nevada State Bar Number 8394
Melanie Bernstein Chapman
Nevada State Bar Number 6223
**CARDINALE FAYARD, APLC**
3800 Watt Ave., Suite 245
Sacramento, CA 95821
Paul.Cardinale@cardinalefayardlaw.com
Melanie.Chapman@cardinalefayardlaw.com

**Southern Nevada Office**:
2460 Professional Court, Suite 110
Las Vegas, NV 89128
Tel: (702) 342-8116
*Attorney for Defendants*
*Zachary Westbrook, John Leonard, and Michel Hall*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ERWINE, | CASE NO.: 3:24-cv-00045-MMD-CSD |
| Plaintiffs, | |
| vs. | **DEFENDANTS ZACHARY WESTBROOK, JOHN LEONARD AND MICHEL HALL'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS** |
| UNITED STATES OF AMERICA, CHURCHILL COUNTY, a political subdivision of the State of Nevada; CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; UNITED STATES OF AMERICA, ZACHARY WESTBROOK, JON LEONARD, MICHEL HALL, GENE BURK; and DOES I through X, inclusive; | |
| Defendants. | |

PLEASE TAKE NOTICE that on a date to be provided by the Court, or as soon thereafter as the matter may be heard in the above-entitled Court, Defendants ZACHARY WESTBROOK, JOHN LEONARD and MICHEL HALL (collectively referred to herein as "Defendants") will move this Court for an Order Staying Discovery pending the Court's decision on Defendants' Motion to Dismiss.

///

///

///

1  This motion is made and based upon this notice of hearing, the attached memorandum of points
2  and authorities, all pleadings and records on file herein, and all matters subject to judicial notice, as well
3  as any oral argument requested by the Court at a hearing of this matter.

DATED: April 5th, 2024                    **CARDINALE FAYARD, APLC**

                                           */s/ Melanie B. Chapman*
                                    By: _____
                                           Paul A. Cardinale, Esq.
                                           Nevada Bar No. 8394
                                           Melanie B. Chapman
                                           Nevada Bar No. 6223
                                           *Attorneys for Defendants Zachary Westbrook,*
                                           *John Leonard, and Michel Hall*

Paul A. Cardinale
Nevada State Bar Number 8394
Melanie Bernstein Chapman
Nevada State Bar Number 6223
**CARDINALE FAYARD, APLC**
3800 Watt Ave., Suite 245
Sacramento, CA 95821
Paul.Cardinale@cardinalefayardlaw.com
Melanie.Chapman@cardinalefayardlaw.com

<u>Southern Nevada Office</u>:
2460 Professional Court, Suite 110
Las Vegas, NV 89128
Tel: (702) 342-8116
*Attorney for Defendants*
*Zachary Westbrook, John Leonard, and Michel Hall*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ERWINE,<br><br>       Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CHURCHILL COUNTY, a political subdivision of the State of Nevada; CHURCHILL COUNTY SHERIFF BENJAMIN TROTTER; UNITED STATES OF AMERICA, ZACHARY WESTBROOK, JON LEONARD, MICHEL HALL, GENE BURK; and DOES I through X, inclusive;<br><br>       Defendants. | CASE NO.: 3:24-cv-00045-MMD-CSD<br><br>**DEFENDANTS ZACHARY WESTBROOK, JON LEONARD AND MICHEL HALL'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS** |

   COME NOW, Defendants ZACHARY WESTBROOK, JON LEONARD, and MICHEL HALL, by and through their attorneys, CARDINALE FAYARD, APLC, who hereby move for a stay of discovery in this matter pending resolution of their Motion to Dismiss Plaintiff's Complaint.[1]

---

[1] This Court previously granted co-Defendants Churchill County and Benjamin Trotter's Motion to Stay Discovery pending resolution of their pending Motion to Dismiss. (ECF 32.) In addition to the different bases upon which moving Defendants seek dismissal and a stay of discovery, Defendants herein only appeared a few days prior to the Court's hearing on co-Defendants' matter and were unable to join in that motion.

## I. INTRODUCTION AND PERTINENT ALLEGATIONS

Plaintiff, Michael Erwine, is a former police officer with various law enforcement agencies, including the Washoe Tribe of Nevada and California, a federally-recognized Indian Tribe. In his Complaint, Plaintiff makes numerous claims against former employers, including that the Chief of Washoe Tribal Police and several of his tribal co-workers, alleging that defendants, individually and collectively, violated his civil and employment rights. Plaintiff alleges that these violations have rendered him unemployable as a member of law enforcement.

Specifically, Plaintiff brings this action alleging violations of his Fourth, Fifth and Fourteenth Amendment rights, as well as various state law claims, arising out of an allegedly "false and career destroying" memorandum authored by co-Defendant Sheriff Benjamin Trotter ("Trotter") which allegedly "falsely" details his employment and termination from his position as a Deputy Sheriff with the Churchill County Sheriff's Office. (*See,* Exhibit A, Plaintiff's Complaint.) According to Plaintiff, though he was able to obtain employment with various Indian tribes following his termination from Churchill County and the drafting of the Trotter Memorandum, including employment with the Washoe Tribe of Nevada and California (the "Tribe"), he asserts that he was fired from these jobs when his Tribal employers found out about the circumstances surrounding his termination from Churchill County. (*Id.* at ¶¶ 1-10.) He alleges that, as a result of his termination from the Tribe, he is now "falsely faced with being labeled as [a] law enforcement officer who was terminated for violating an individual's civil rights and lying during an investigation," which, he asserts, is irrevocably "damming his ability to get a job in any field." (*Id.* at ¶10.) According to Plaintiff's Complaint, he has been denied from applying, has had job offers revoked, and in "some instances" has been fired after employers became aware of the "false and defamatory statements" published in his employee files. (*Id.* at ¶ 11.) He alleges that this inability to find employment has resulted entirely from the fact that he "dared to record the misconduct of his fellow Deputies at Churchill County." (*Id.* at ¶ 12.)

With respect to moving Defendants, Plaintiff's Complaint details approximately two and a half years of employment with the Tribe, from October 18, 2019 to March 4, 2022, including several run-ins with other Tribal police officers and various disciplinary actions, complaints of misconduct and eventual termination. (*Id.* at ¶¶ 101-175.) Plaintiff asserts that a memorandum detailing the circumstances of his

1 termination from the Tribe precludes him from becoming reemployed as a police officer for the remainder of his career, due to a description of his termination as arising out of "misconduct involving dishonesty." (*Id.* at ¶¶ 176-177.) According to the allegations in the Complaint, plaintiff has been unable to obtain or maintain employment in law enforcement following his termination from the Tribe. (*Id.* at ¶¶ 191- 228.)

Plaintiff brings the following causes of action against moving Defendants: (1) Racial Discrimination pursuant to 42 U.S.C. §1981 (*Id.,* First Claim for Relief, ¶¶ 229-246); (2) Conspiracy to Interfere with Civil Rights – Obstructing Justice pursuant to 42 U.S.C. 1985(2) (*Id.,* Fourth Claim for Relief, ¶¶274-281); (3) Conspiracy to Interfere with Civil Rights – Deprivation of Rights and Privileges pursuant to 42 U.S.C. 1985(3) (*Id.,* Fourth Claim for Relief, ¶¶282-299); (4) Bivens Action – Violation of 5th Amendment Right to Due Process (*Id.,* Seventh Claim for Relief, ¶¶ 319-329); (5) Defamation (*Id.,* Eighth Claim for Relief, ¶¶ 330-345); (6) Defamation Per Se (*Id.,* Ninth Claim for Relief, ¶¶ 346-360); and, (7) Intentional Interference with Contractual Relations (*Id.,* Eleventh Claim for Relief, ¶¶ 368-377).

Defendants have concurrently moved to dismiss Plaintiff's Complaint with prejudice pursuant to FRCP 12(b)(1), 12(b)(3), 12(b)(6), and/or 12(b)(7) because Plaintiff has not, and cannot, meet his burden of establishing that this Court has jurisdiction over this action and, therefore, does not state a claim upon which relief may be granted. As set forth in Defendants' Motion to Dismiss, this Court does not, in fact, have jurisdiction over these Defendants and this case is barred pursuant to the well-established doctrine of sovereign immunity that applies to the Tribe and, by extension, to tribal officers, employees and agents such as moving Defendants. In addition, Plaintiff has failed to join a necessary party, specifically, the Tribe, and has failed to exhaust his administrative remedies. Finally, this Court is an improper venue for Plaintiff's claims as the Tribe has exclusive jurisdiction.

Given the clear immunity from suit that attaches to Defendants with respect to Plaintiff's claims, Defendants should not be required to engage in costly and time-consuming discovery unless and until their Motion to Dismiss has been considered and ruled upon.

///
///
///
///

## II. ARGUMENT

### A. DISCOVERY SHOULD BE STAYED PENDING THE OUTCOME OF A CLAIM OF SOVEREIGN IMMUNITY

Moving Defendants have concurrently filed a Motion to Dismiss based upon Defendants' sovereign immunity from suit, improper venue, failure to join a necessary and required party, and failure to exhaust administrative remedies. Federal courts have long recognized that Indian Tribes possess sovereign immunity from suit that is traditionally enjoyed by sovereign powers. (*Santa Clara Pueblo*, 436 U.S. 49, 58 (1978).) This immunity applies to all federal suits for damages, declaratory relief, and injunctive relief unless there is an express tribal waiver or congressional abrogation. (*Id*. at 58-59; see *Imperial Granite Co. v. Pala Band of Mission Indians,* 940 F.2d 1269, 1271 (9th Cir. 1991).) FRCP 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of claims if the Court lacks jurisdiction over the subject matter of the claims. Because Plaintiff's Complaint fails to identify a waiver of sovereign immunity conveying subject matter jurisdiction on this Court, as there has been no such waiver, FRCP 12(b)(1) requires dismissal of this matter.

Furthermore, Plaintiff may not "plead around," subvert, or side-step sovereign immunity by naming only individual defendants acting in the scope of their official duties, while failing to include the Tribe in this action. The sovereign immunity that applies to the Tribe also extends to moving Defendants as agents and officers of the Tribe. (*Great Western Casinos, Inc.,* 74 Cal. App.4th at 1421 (citations omitted).) As discussed more fully in Defendants' Motion to Dismiss, which is incorporated by reference herein, moving Defendants were arms of the tribal government of the Tribe at all times relevant to Plaintiff's Complaint and were acting in their official capacity within the course and scope of their tribal positions and authority. When tribal officials act in their official capacities and within the scope of their authority, they are entitled to the immunity of the sovereign. (*United States v. Oregon,* 657 F.2d 1009, 1012, fn. 8 (9th Cir. 1981) ("[Tribal] immunity also extends to tribal officials when acting in their official capacity and within their scope of authority."); *Imperial Granite Company v. Pala Band of Mission Indians* 940 F32d 1269, 1271(9th Cir. 1991).) If tribal officials act within the scope of their authority, they share the Tribe's immunity from suit. (*Imperial Granite Company, supra,* at1271 (when tribal officials act in their official capacities and within the scope of their authority, they are immune); *see also,*

*Fletcher v U.S.* 116 F.3rd 1315, 1324 (10th Cir. 1997).)

The rule which federal courts created to properly protect sovereigns is that the court should resolve a claim of sovereign immunity on the merits before the case can move on to discovery or other issues. "[T]he district court should resolve that threshold question [of immunity] before permitting discovery." (*Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987), the Court held that a threshold immunity defense "should be resolved at the earliest possible stage of a litigation." (*See also, Harlow*, 457 U.S. at 818 (where the defendant raised a qualified immunity defense, the Court held "until this threshold immunity question is resolved, discovery should not be allowed.").) "Ordinarily, so long as there is a colorable question whether a tribal court has subject matter jurisdiction, federal courts will stay or dismiss an action in federal court to permit a tribal court to determine in the first instance whether it has the power to exercise subject-matter jurisdiction in a civil dispute between Indians and non-Indians that arises on an Indian reservation." (*Smith v. Kootenai Coll.*, 434 F.3d 1127, 1131 n.1 (9th Cir. 2006) (en banc) (*quoting Stock W. Corp. v. Taylor*, 964 F.2d 912, 919 (9th Cir. 1992)) (emphasis and internal quotation marks omitted)."

One of the justifications for this rule is that trial and the matters associated with trial can be "peculiarly disruptive of effective government." (*Harlow*, 457 U.S. at 817.) Therefore, the Court must "avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery." (*Mitchell*, 472 U.S. at 526 (internal quotation marks omitted).) For example, the Ninth Circuit has held that requiring a sovereign to endure discovery before its claim of sovereign immunity is fully and finally resolved would wrongly destroy this sovereign right "to be free from the 'crippling interference' of litigation." (*Marx v. Guam*, 866 F.2d 294, 296 (9th Cir. 1989).) Consequently, the Court "must address it first and resolve it irrespective of the merits of the claim." (*Chemehuevi Indian Tribe v. Cal. St. Bd. of Equalization,* 757 F.2d 1047, 1051 (9th Cir. 1985), *rev'd. on other grounds*, 474 U.S. 9 (1985).) Courts have no discretion on this issue because it "involves a right which courts have no choice, in the absence of a waiver, but to recognize. It is not a remedy . . . , the application of which is within the discretion of the court." (*California v. Quechan Tribe of Indians*, 595 F.2d 1153, 1155 (9th Cir. 1979).)

///

Accordingly, discovery in this matter must be stayed until the threshold defense of sovereign immunity is resolved.

### B. THE *KOR MEDIA GROUP* FACTORS WEIGH IN FAVOR OF A STAY OF DISCOVERY IN THIS MATTER

In *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013), this Court held that the following three criteria are to be considered when assessing a party's request for a stay of discovery: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. (*Id*. at 581.) The Court further noted that, in deciding whether to grant a stay of discovery, the Court "is guided by the objectives of Rule 1 to ensure a 'just, speedy, and inexpensive determination of every action.'" (*Id.; citing Tradebay, LLC. v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).)

In this case, all three factors weigh in favor of a stay: (1) moving Defendants' pending Motion to Dismiss is dispositive of all claims brought against them in this action; (2) there is no additional discovery that is necessary in order to decide Defendants' Motion to Dismiss; and, (3) the merits of the dispositive motion evidence that Plaintiff will be unable to state a claim for relief as the motion is based upon the well-settled grant of sovereign immunity enjoyed by Indian tribes and their officials. As discussed above, however, notwithstanding the *Kor Media* analysis, it is the practice of federal courts to stay discovery pending a claim of sovereign immunity which must be addressed and resolved first, "irrespective of the merits of the claim." (*Chemehuevi Indian Tribe,* 757 F.2d at 1051.)

Accordingly, all of the factors identified as relevant to a motion to stay discovery pending resolution of a dispositive motion weigh in favor of the relief sought herein.

///
///
///
///
///
///
///

### III. CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court grant the instant Motion to Stay Discovery, pending resolution of the concurrently-filed Motion to Dismiss.

DATED: April 5th, 2024  **CARDINALE FAYARD, APLC**

By: /s/ Melanie B. Chapman
Paul A. Cardinale, Esq.
Nevada Bar No. 8394
Melanie B. Chapman
Nevada Bar No. 6223
*Attorneys for Defendants Zachary Westbrook, John Leonard, and Michel Hall*

## CERTIFICATION OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Cardinale Fayard, APLC, and that on this 5th day of April 2024, I served a true and correct copy of the foregoing **NOTICE OF ACCEPTANCE OF SERVICE OF SUMMONS AND COMPLAINT** on all parties to this action:

__X__ Through the CM/ECF System of the United States District Court for the District of Nevada

____ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepared in Sacramento, California.

Luke A. Busby, Esq.  
316 California Ave.  
Reno, Nevada 89509  
luke@lukeandrewbusbyltd.com  
*Attorney for Plaintiff*

Jason Frierson, Esq.  
Patrick Rose, Esq.  
501 Las Vegas Blvd. So., Suite 1100  
Las Vegas, Nevada 89101  
Patrick.rose@usdoj.gov

Katherine F. Parks  
Thorndal Armstrong, PC  
6590 S. McCarran Blvd.  
Suite B  
Reno, NV 89509  
kfp@thorndal.com  
*Attorneys for Defendants Churchill County and Benjamin Trotter*

/s/ Deseree Rosebrock  
_____  
An employee of Cardinale Fayard, APLC