**No. 25-3136**

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

MICHAEL ERWINE,
*Plaintiff – Appellant,*

v.

ZACHARY WESTBROOK, *et al.*,
*Defendants – Appellees.*

On Appeal from the United States District Court for the District of Nevada
Case No. 3:24-cv-00045-MMD-CSD

# MOTION OF WASHOE TRIBE, ET AL. FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN SUPPORT OF APPELLEES' PETITION FOR REHEARING EN BANC


Timothy C. Seward
HOBBS, STRAUS, DEAN & WALKER, LLP
1903 21st Street, 3rd Floor
Sacramento, CA 95811
Telephone: (916) 442-9444

Geoffrey D. Strommer
HOBBS, STRAUS, DEAN & WALKER, LLP
215 SW Washington St. Suite 200
Portland, OR 97204
Telephone: (503) 242-1745

Joseph D. Nady
General Counsel
WASHOE TRIBE OF NEVADA & CALIFORNIA
919 U.S. Hwy 395 N.
Gardnerville, Nevada 89410
Telephone: (775) 265-8600

*Counsel for Amici Curiae*

## INTRODUCTION

Proposed *amici curiae* ("Amici") include the following federally recognized Indian tribes: Cher-Ae Heights Indian Community of the Trinidad Rancheria; Cheyenne River Sioux Tribe; Colorado River Indian Tribes of the Colorado River Indian Reservation, Arizona and California; Gila River Indian Community; Hopland Band of Pomo Indians; Jamestown S'Klallam Tribe; Keweenaw Bay Indian Community; Morongo Band of Mission Indians; Navajo Nation; Oglala Sioux Tribe; Prairie Band Potawatomi Nation; Rincon Band of Luiseno Indians; San Pasqual Band of Diegueno Mission Indians; Suquamish Indian Tribe; Susanville Indian Rancheria; Washoe Tribe of Nevada and California; and Yuhaaviatam of San Manuel Nation. Bureau of Indian Affs., Indian Entities Recognized by and Eligible To Receive Services From the United States Bureau of Indian Affairs, 91 Fed. Reg. 4102, 4103–4105 (Jan. 30, 2026).

Pursuant to Federal Rule of Appellate Procedure 29(b) and Ninth Circuit Rule 29-2, Amici hereby move the Court for an order granting leave to file a brief *amici curiae* in support of Appellees' Petition for

Rehearing En Banc, which brief is filed concurrently with this Motion. All parties consented to the filing of the brief *amici curiae*.

**INTERESTS OF AMICI CURIAE**

Amici include seventeen (17) federally-recognized Indian tribes, most of whom are within the Ninth Circuit. Amici specifically include the Washoe Tribe of Nevada and California, whose laws, policies, employees, and officers are at issue in this case, and the Navajo Nation, whose laws and officers were at issue in *Davis v. Littell*, a central authority implicated in this case. 398 F.2d 83 (9th Cir. 1968). These tribes, along with the other Amici, employ thousands of people who are responsible for carrying out core tribal government functions pursuant to tribal directives and policies. In their exercise of self-government over such internal matters, Amici rely on their inherent rights of self-government derived from their closely guarded sovereign status.

The panel's holdings in this case threaten the ability of Amici to govern their internal affairs by stripping tribes of their ability to confer absolute immunity on their tribal employees in individual-capacity suits related to their implementation of tribal laws governing internal matters. The panel's decision also deviated from settled precedent

requiring that tribes be joined to litigation relating to their governance of such matters and functionally ignored the Washoe Tribe's legally protected interests when it radically altered its analysis under Fed. R. Civ. P. (FRCP) 19 ("Rule 19") by instead employing the distinct "real party in interest" test set forth in *Lewis v. Clarke*, 581 U.S. 155 (2017), and used to determine the applicability of tribal sovereign immunity, not the personal defense of absolute immunity.

As part of their systems for governing the conduct of their officials and employees, the Washoe Tribe, Navajo Nation, and other Amici have enacted tribal laws and policies protecting employees who carry out tribal responsibilities and also providing internal mechanisms for addressing claims arising from the employment relationship. The panel's decision gives no effect to those tribal laws and remedies and instead subordinates the tribal law to federal and state law, and allows federal litigation regarding such matters of tribal self-governance to proceed without requiring the tribe to be joined to the action.

Amici will bear the governmental consequences, including the diminishment of their ability to govern their internal affairs and their ability to recruit and retain employees. Amici are particularly concerned

about the consequences of disputes over these matters being litigated in their absence in state and federal courts, because defendants sued in their individual capacity do not have the same interests as the tribal government. Further, such litigation will drain limited tribal resources and require tribes to choose between indemnifying and defending employees or providing other critical government services.

Unless corrected, the panel's decision will threaten the ability of tribal nations to recruit and retain qualified people to perform public service, because tribal employees, carrying out lawful directives, will be subject to the threat of personal liability. In addition, the decision will disrupt existing tribal personnel systems that provide for employee accountability, protection, and internal review. As it stands, the panel's decision will detrimentally affect the daily operation of tribal governments throughout a circuit that is home to hundreds of federally recognized tribal nations.

The panel's decision will extend far beyond this employment dispute and likely will impact cases related to treaty rights, enrollment decisions, tribal elections, and more. The self-governance and sovereignty interests of tribes remain central to many cases that arise in

this Circuit and the panel's holding threatens to allow parties, who do not share these tribal interests, to litigate these issues without tribes being present.

## PURPOSE AND RELEVANCE OF BRIEF AMICI CURIAE

Amici provide a unique and necessary perspective in this case because it is tribes' laws, governmental operations, and interests that will be affected by the panel's decision. The individual tribal defendants–appellees cannot represent the significant sovereign and self-government interests of Amici, nor can they inform the Court on the expansive negative practical effects of the panel's decision in the same way as tribal nations.

Amici are the only parties able to offer this perspective based on their sovereign status and self-governance interests. Amici focus their brief on the practical consequences of this case for tribes and on the specific legal issues that greatly concern tribal sovereignty and self-governance. Amici also provide helpful insight into how the outcome of this case will both burden, and likely confuse, district courts across this Circuit.

This case implicates complex legal issues concerning tribes' sovereign authority to confer absolute immunity on their officials and employees, as well as the proper inquiry under Rule 19 to determine whether a tribe has a legally protected interest in a case. Since the Court's 1968 decision in *Davis*, tribes have relied on the authority to enact laws and policies extending absolute immunity to tribal employees and officials. Similarly, the Court has repeatedly recognized that sovereign interests hold weight in Rule 19's legally protected interest inquiry. In effectively overturning *Davis* and deviating from this long line of Rule 19 cases, the panel's decision, and the novel legal arguments and analysis therein, has the potential to immediately and drastically impair the operations of hundreds of tribal governments.

## CONCLUSION

For the foregoing reasons, Amici respectfully move the Court for leave to file the concurrently filed brief *amici curiae* in support of Appellees' Petition for Rehearing En Banc.

Dated: November 5, 2026 Respectfully submitted,

*s/ Timothy C. Seward*
Timothy C. Seward
HOBBS, STRAUS, DEAN & WALKER, LLP
1903 21st Street, 3rd Floor
Sacramento, CA 95811
Telephone: (916) 442-9444

Geoffrey D. Strommer
HOBBS, STRAUS, DEAN & WALKER, LLP
215 SW Washington St. Suite 200
Portland, OR 97204
Telephone: (503) 242-1745

Joseph D. Nady
General Counsel
WASHOE TRIBE OF NEVADA & CALIFORNIA
919 U.S. Hwy 395 N.
Gardnerville, Nevada 89410
Telephone: (775) 265-8600

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on November 5, 2026. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

*s/ Timothy C. Seward*

Timothy C. Seward